517 So.2d 768 (1988)
BARBER GREENE COMPANY and Aetna Casualty & Surety Company, Appellants,
v.
Antonio URBANTES a/K/a Juan Duque Tovar, Appellee.
Nos. 4-86-1323, 4-86-2249.
District Court of Appeal of Florida, Fourth District.
January 6, 1988.
Kathryn M. Beamer of Schuler & Wilkerson, P.A., West Palm Beach, for appellants.
Edna L. Caruso of Edna L. Caruso, P.A., and Jose G. Rodriguez Law Offices, West Palm Beach, for appellee.
*769 LETTS, Judge.
This appeal presents the question of whether the now amended[1] statute of repose is applicable to machinery delivered and leased as distinct from delivered and sold. The trial court held the statute is not applicable to a lease. We affirm.
The particular piece of machinery in question was manufactured by the defendant in 1965, leased to the plaintiff's employer in 1966 and purchased by the employer in 1974. The accident to the plaintiff occurred in 1981.
The initial question to be answered is whether the case of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), which held that the statute of repose was constitutional should be applied retroactively. Subsequent to the filing of the briefs on appeal, the Supreme Court answered this question in the affirmative in Melendez v. Dreis and Krump Manufacturing Company, 515 So.2d 735 (Fla. 1987). Thus without more, the statute of repose would have applied here, and the plaintiff's claim barred.
However, we believe the statute of repose was inapplicable in the case at bar because this particular piece of machinery was originally delivered under a lease agreement. The trial judge was of the opinion that an actual sale, not merely a lease, must occur to activate the statute and we agree. The head note to Chapter 78-418, Laws of Florida, which became section 95.031, Florida Statutes (1985) stated:
"An act relating to products liability actions; providing that the liability of a manufacturer or seller of a product be based on the knowledge and technology in existence at the time the product was originally sold. ..." (emphasis supplied)
The statute itself states in part:
(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered. (emphasis supplied)
Similarly, the Melendez case contains the following language:
Section 95.031(2), Florida Statutes (1983), was a statute of repose which precluded actions based on products liability if they were bought more than twelve years after the product was sold.
515 So.2d at 736.
We agree with the manufacturer that the raison d'etre for the statute should apply with equal force to manufactured products delivered under a lease, especially so when, as here, the employer eventually purchased the machinery. However, the wording of the statute is unequivocal and we decline to interpret it otherwise.
The manufacturer also argues that the lease was not really a lease and was in effect part and parcel of a sale disguised as a lease for corporate purposes. We have examined the written agreement presented as part of the record and find no support for such a conclusion within its four corners. On the contrary, the document provides that "there are no agreements or representations, oral or otherwise, outside of this lease." It further provides that "the lessee agrees that the equipment is to be returned ... to the lessor's storage yard at Aurora, Illinois ... upon expiration of the rental period." This cause is affirmed.
AFFIRMED.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] Section 95.031(2), Florida Statutes (1985), amended by section 95.031(2), Florida Statutes (Supp. 1986)