742 So.2d 493 (1999)
James M. CASSOUTT and Cindy L. Cassoutt, Husband and Wife and Judy L. Kealey, Appellants,
v.
CESSNA AIRCRAFT COMPANY, a Delaware Corporation, Appellee.
No. 98-2083.
District Court of Appeal of Florida, First District.
October 6, 1999.
*494 Richard E. Genter; Philip J. Ford, of Wolk & Genter, Philadelphia; and Louis K. Rosenbloum of Pensacola, for Appellants.
Mark A. Dombroff of Dombroff & Gilmore, P.C., Washington; and George N. Meros of Rumberger, Kirk & Caldwell, Tallahassee, for Appellee.
BROWNING, J.
James M. Cassoutt, Cindy L. Cassoutt, his wife ("the Cassoutts") and Judy Kealey (collectively, "Appellants"), appeal a final summary judgment holding their claims barred by section 95.031(2), Florida Statutes (1986) (repealed effective July 9, 1986), the Florida statute of repose ("the statute"). They argue that the trial judge erred by entering summary judgment for Cessna Aircraft Company ("Cessna") because the replacement seat rails alleged to be defective are separate "completed products" which toll the statute and preclude entry of summary judgment. We find the seat rails are separate "completed products" under the statute, and accordingly, we reverse and remand the case for further proceedings.
The case at bar has a history with this court. See Cassoutt v. Cessna Aircraft Co., 660 So.2d 277 (Fla. 1st DCA 1995). There, summary judgment was affirmed in favor of Cessna, but the case was remanded after this court, on rehearing, directed the trial judge to permit Appellants to amend their complaint to allege that the replacement seat rails were "completed products" under the statute.
After remand, Appellants amended their complaint and alleged, among other things, the following:
23. The seat rail/rails were designed and manufactured as a separate, completed product by the defendant, Cessna, and intended by that defendant to be designed, manufactured, and sold as a separate, completed product for replacement of worn or broken seat rails found as a result of compliance with the Airworthiness Directive or Cessna's recommended maintenance.
After the amendment was effected, discovery ensued, followed by Cessna's motion for summary judgment, which was granted, and Appellants appealed.
The pertinent facts are stated in Cassoutt, 660 So.2d at 277. They will not be repeated but are incorporated herein by reference. Only those facts developed after remand, and the contentions of the parties as they relate to the seat rails being "completed products" as defined by the statute, are addressed.
Cessna, in support of its motion for summary judgment, filed various affidavits that presented a prima facie case that Appellants' causes of action are barred by the statute. Thus, Appellants had the burden of showing the statute was tolled by the purchase of the replacement seat rails as "completed products." Id. at 280. In opposition to Cessna's motion for summary judgment, Appellants submitted affidavits of several experts. After the trial judge granted Cessna's motion, Appellants submitted additional affidavits in support of their motion for rehearing and motion to amend their amended complaint. We consider only the facts contained in the affidavits submitted by Appellants prior to the hearing on Cessna's motion for summary judgment. The trial judge properly excluded the affidavits submitted by Appellants after entry of the order granting Cessna's motion for summary judgment. See Fla. R. Civ. P. 1.510(c).
In opposition to Cessna's motion, Appellants presented the affidavit of expert witness Manuel Raefsky who opined, among other things, that:
9. The Cessna seat components are by Cessna's own design and are separate completed products. Cessna has separate part numbers for each rail. Cessna has a separate part number for each component of the seat latching system. Cessna has a separate part number for *495 the right rail and the left rail of the front seats of this aircraft.
* * *
14. It is also my opinion that the failure of The Cessna Aircraft Company to supply a right-hand seat rail when ordered together with a matching left-hand seat rail with steel inserts or both rails made of steel made the single rail supplied a defective-completed product.
Appellants submitted other affidavits that are not germane.
The standard of review, and the rule for determining which party has the burden of proof when a motion for summary judgment based upon a statute of limitation defense is considered by a trial court, are clearly stated in Cassoutt and will not be repeated. The trial court determined that Cessna could not be liable as the statute was not tolled by purchase and installation of the seat rails. This was a decision based on an issue of law, not an issue of fact. As an issue of law we review this decision by the de novo standard of review. Menendez v. Palms West Condominium Association, Inc., 736 So.2d 58 (Fla. 1st DCA 1999).
What constitutes a "completed product" under the statute was not defined by this court in the prior Cassoutt opinion. Accordingly, we are impelled to construe this provision according to established principles of statutory construction. When construing a statutory provision, we are guided by the rule that the intent of the legislature is the overriding consideration. State v. Webb, 398 So.2d 820 (Fla.1981); Tyson v. Lanier, 156 So.2d 833 (Fla.1963). Legislative intent, absent an ambiguity, is discerned from the plain meaning of the language used in the statutory provision under consideration. Holly v. Auld, 450 So.2d 217 (Fla.1984). Further, the statute, being one of limitation, mandates a strict or conservative construction rather than a liberal construction. See Barber Greene Co. v. Urbantes, 517 So.2d 768 (Fla. 4th DCA 1988).
From a plain reading of the statute, we conclude that the replacement seat rails are "completed products" for the purpose of tolling the statute. These seat rails are manufactured as replacement components for the aircraft model owned by the Cassoutts, and each seat rail bears a separate part number. Also, the seat rails are sold separately as finished products as part of a sales transaction unrelated to the sale of other components of the Cassoutts' model aircraft except when, by chance, other replacement parts for the same aircraft model are purchased simultaneously. Thus, the statute was tolled for injuries resulting from defects in the replacement seat rails when the replacement seat rails were purchased and installed in the aircraft. See McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504 (11th Cir.1990). Accordingly, the trial court erred by entering summary judgment for Cessna.
To guide the trial judge, we address the denial of Appellants' motion to amend. We find that it was not error for the trial court to deny Appellants' motion to amend after entry of the summary judgment. However, should Appellants renew the motion after remand, the basis for its previous denial would no longer exist.
We REVERSE and REMAND for proceedings consistent with this opinion.
MINER, and BENTON, JJ., CONCUR.