Sue CALDWELL, as personal representative of Brian Caldwell, deceased; Seiichi Hanami; Micronesian Aviation Corporation, dba Macaw Helicopter Company, Plaintiffs–Appellants,

v.

ENSTROM HELICOPTER CORPORATION, Defendant–Appellant.

No. 99–15746.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2000

Filed Oct. 30, 2000

William M. Fitzgerald, Saipan, Northern Mariana Islands, for the plaintiffs-appellants.

Richard Walker and Fred C. Begy, III, Kaplan, Begy & Von Ohlen, Chicago, Illinois, for the defendant-appellee.

Frederick C. Schafrick, Shea & Gardner, Washington, D.C., for the amicus.

Before: KOZINSKI, GRABER, and FISHER, Circuit Judges.

GRABER, Circuit Judge:

In this case, we are asked to decide whether a revised flight manual is a new "system . . . or other part" of a helicopter within the meaning of the General Aviation Revitalization Act of 1994[1] ("GARA"). Our answer is "yes." Accordingly, we reverse the decision of the district court and remand the case for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Because the district court dismissed the action under Federal Rule of Civil Procedure 12(b)(6), we take all allegations of material fact as true and construe the com-

---

1. Pub.L. No. 103–298, 108 Stat. 1552 (1994), *as amended by* Pub.L. No. 105–102, § 3(e), 111 Stat. 2215 (1997) (codified at 49 U.S.C. § 40101 note (1997)).

plaint in the light most favorable to Plaintiffs. *See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993).

On January 12, 1997, helicopter pilot Brian Caldwell took Seiichi Hanami and another passenger on a sightseeing tour of Saipan, in the Commonwealth of the Northern Mariana Islands. Caldwell planned the trip unaware that the last two gallons of gasoline in the helicopter's fuel tanks could not be used. The helicopter was within 10 minutes of its destination when it ran out of usable fuel. Caldwell attempted a landing, but the main rotor blade struck the tail boom, causing the helicopter to crash. The accident killed Caldwell and one passenger, and severely injured Hanami.

Defendant, Enstrom Helicopter Corporation, manufactured the helicopter and first sold it to a Florida company in 1974, 23 years before the fatal crash. Caldwell's employer, Macaw Helicopter, bought the helicopter in 1991. Plaintiffs, Hanami, Caldwell's estate, and Macaw Helicopter, sued Defendant in 1999 for wrongful death, personal injury, and property damage, alleging negligence and strict liability. Specifically, Plaintiffs contend that the helicopter's flight manual was defective because it did not include a warning that the last two gallons of gasoline in the fuel tanks would not burn.

Defendant moved to dismiss the action under Rule 12(b)(6), arguing that GARA, a statute of ultimate repose, bars Plaintiffs' claims. GARA precludes actions against manufacturers of general aviation aircraft if the part that allegedly caused the accident is more than 18 years old. *See* GARA § 3(3). Plaintiffs responded that this action falls within GARA's "rolling" feature, which extends the limitation period "with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage." *Id.* § 2(a)(2). Plain-

tiffs argued that the flight manual, which was revised several times during the last 18 years, is a new "system ... or other part" of the helicopter within the meaning of GARA's rolling provision. The district court disagreed, ruling as a matter of law that a revised flight manual is not a "system ... or other part" of an aircraft, and dismissed the action. This timely appeal ensued.

## STANDARD OF REVIEW

We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6). *See Monterey Plaza Hotel Ltd. Partnership v. Local 483 of Hotel Employees, Restaurant Employees Union, AFL–CIO*, 215 F.3d 923, 926 (9th Cir.2000).

## DISCUSSION

GARA applies because this is a "civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft." GARA § 2(a). In GARA, Congress established an 18–year statute of repose for civil actions against manufacturers of general aviation aircraft and component parts. *Id.* §§ 2(a)(1), 3(3). The 18–year period begins anew if the death, injury, or damage is caused by any "new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was· added to, the aircraft." *Id.* § 2(a)(2).

Although Plaintiffs brought the present action within the time allowed by the local statute of limitations, GARA would bar the action if Plaintiffs were alleging that the fuel tanks were defective. As noted, Defendant manufactured the helicopter in 1974, and there is no allegation that a new fuel tank was installed during the last 18 years. Indeed, Plaintiffs concede that the fuel tanks themselves were in good working order. They argue instead that the flight manual is the defective "system" or "part" of the helicopter that caused the

accident, because it does not include relevant information about the limits on the fuel tanks' ability to burn the last two gallons of fuel. Plaintiffs allege that Defendant revised the manual several times, making it a new "system ... or other part" of the helicopter covered by GARA's rolling provision, § 2(a)(2).

The district court ruled that a revised manual, as a matter of law, never can fall within GARA's rolling provision. In so deciding, the court relied on a line of cases that have interpreted various statutes of repose as barring actions premised on a failure to warn. See *Alter v. Bell Helicopter Textron, Inc.*, 944 F.Supp. 531, 538–39 (S.D.Texas 1996) (applying GARA); *see also, e.g., Schamel v. Textron–Lycoming*, 1 F.3d 655, 657 (7th Cir.1993) (applying Indiana statute of repose); *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1220 (10th Cir.1991) (applying Indiana statute of repose); *Burroughs v. Precision Airmotive Corp.*, 78 Cal.App.4th 681, 694–95, 93 Cal.Rptr.2d 124, 133–35 (2000) (applying GARA).

In the present case, however, Plaintiffs do not assert that the manufacturer had a continuing duty to warn. Instead, Plaintiffs contend, under theories of strict liability and negligence, that the revised manual itself is the defective product that caused the accident. See *Driver v. Burlington Aviation, Inc.*, 110 N.C.App. 519, 430 S.E.2d 476, 483 (1993) (holding that, because the plaintiffs premised liability on a defective aircraft manual, a North Carolina statute of repose would not bar the action if the manual caused the injury and was sold to the plaintiffs within the applicable period).

■■■ The question whether a flight manual can be "defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design" is a question of Northern Mariana Islands law and is not before us. See Restatement (Third) of Torts: *Products Liability* § 2(b).[2] The only question for us to decide is whether a revised aircraft manual can fall within GARA's rolling provision. We hold that it can.

As a matter of logic, there are only two possibilities. Either an aircraft's flight manual is a part of the aircraft, or it is a separate product. Federal regulations require that manufacturers of helicopters include a flight manual with each helicopter and require that the manual contain "information that is necessary for safe operation because of design, operating, or handling characteristics." 14 C.F.R. § 27.1581(a)(2). The manual specifically must include information about a gas tank's unusable fuel supply, if the unusable portion exceeds one gallon or five percent of the tank capacity. See *id.* § 27.1585(e). In the face of these requirements, there is no room to assert that a helicopter manufacturer's manual is a separate product. By the rule of the excluded middle, then, it must be part of the aircraft.

In other words, a flight manual is an integral part of the general aviation aircraft product that a manufacturer sells. It is not a separate, general instructional guide (like a book on how to ski), but instead is detailed and particular to the aircraft to which it pertains. The manual is the "part" of the aircraft that contains the instructions that are necessary to operate the aircraft and is not separate from it. It fits comfortably within the terminology and scope of GARA's rolling provision.[3]

**2.** In the Northern Mariana Islands, "the rules of the common law as expressed in the Restatements of the law as approved by the American Law Institute serve as the applicable rules of decision, in the absence of written or local customary law to the contrary." *Ito v. Macro Energy, Inc.*, 1993 WL 614805, at *7 (N.Mariana Island Oct. 26, 1993). Our research uncovered no local law dealing with the issues in this case. Therefore, for purposes of this decision, we assume that the Restatement governs.

**3.** The manual also could be viewed as an informational "system" or a "component" containing the necessary operational instructions. We think that the term "part" best describes the nature of the manual, however.

A revision to the manual does not implicate GARA's rolling provision, however, unless the revised part "is alleged to have caused [the] death, injury, or damage." GARA § 2(a)(2). Just as the installation of a new rotor blade does not start the 18-year period of repose anew for purposes of an action for damages due to a faulty fuel system, a revision to any part of the manual except that which describes the fuel system would be irrelevant here. Furthermore, mere cosmetic changes (like changing the manual's typeface) do not revive the statute of repose. In sum, if Defendant substantively altered, or deleted, a warning about the fuel system from the manual within the last 18 years, and it is alleged that the revision or omission is the proximate cause of the accident, then GARA does not bar the action.[4]

## CONCLUSION

The district court erred when it held as a matter of law that a revised flight manual cannot be a new "system ... or other part" of a general aviation aircraft within the meaning of GARA. If, within the last 18 years, Defendant substantively revised, or deleted, the instructions in the flight manual that describe or warn about the fuel tanks, and if Plaintiffs allege that those revisions or deletions caused the deaths, injuries, and damage at issue, then Plaintiffs can state a claim. Because this is an issue of first impression in this circuit, on remand the district court should allow Plaintiffs an opportunity to amend their complaint accordingly, if necessary.

REVERSED and REMANDED for further proceedings consistent with this opinion.

---

4. We note that GARA provides an exception to the 18–year statute of repose if a claimant pleads facts necessary to prove that a manufacturer concealed, withheld, or knowingly misrepresented to the FAA information relevant to securing a certificate of airworthiness. See GARA § 2(b)(1). Thus, a knowing omission from the flight manual, in violation of FAA rules, is not subject to GARA's 18–year limitation. We do not read this, as amicus curiae urges, to be evidence that a flight manual is not a "system ... or other part" of an

aircraft, or that Congress intended to insulate manufacturers from tort liability for damages caused by changes to flight manuals if a plaintiff cannot prove a knowing misrepresentation. Instead, we read this provision simply as a means of withdrawing GARA's protection from an intentional wrongdoer.