Sandra L. LAHAYE, individually and as personal representative of the Estate of Peter G. LaHaye, Plaintiff—Appellant,

v.

GALVIN FLYING SERVICE, INC., Defendant,

and

Israel Aircraft Industries, Ltd., Defendant—Appellee.

No. 04–35136.
D.C. No. CV–01–00982–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided Aug. 9, 2005.

Melton L. Crawford, MacDonald, Hoague & Bayless, Seattle, WA, Arthur Alan Wolk, Richard E. Genter, Bradley J. Stoll, Wolk and Genter, Philadelphia, PA, for Plaintiff–Appellant.

David M. Jacobi, John D. Wilson, Wilson Smith Cochran & Dickerson, Seattle, WA, Paul E. Moran, Mendes & Mount, New York, NY, for Defendant/Defendant–Appellee.

Before TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

This is an unintentional-tort case brought against a foreign aircraft manufacturer under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611. The appellant, Sandra LaHaye, challenges the district court's determinations that: (1) she waived any right she may otherwise have had to a jury trial; (2) her design-defect claims against the appellee, Israel Aircraft Industries, Ltd., were barred by the statute of repose set forth in the General Aviation Revitalization Act of 1994 ("GARA"), 49 U.S.C. § 40101 note;[1] (3) she did not preserve an implementation claim for trial; and (4) she failed to show by a preponderance of the evidence that the alleged shortcomings in the appellee's maintenance instructions and drawings constituted the cause-in-fact for a pivotal device in the aircraft to fail and the plane to crash, resulting in the death of her husband. The appellant also asks us to take judicial notice of an undated preliminary report of another aircraft crash occurring long after the district court's entry of judgment in this case. The appellee moves to strike that report. We address each argument in turn.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In pertinent part, GARA's statute of repose provides,

   no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred—
   (1) after the applicable limitation period [18 years] beginning on—
   (A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or
   (B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft....

   49 U.S.C. § 40101 note, § 2(a)(1).

Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to aid in the understanding of our disposition. We affirm the decisions of the district court because the appellant has failed to show reversible error.

■ 1. We review a trial court's determination that a jury trial has been waived for an abuse of discretion. *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 451–52 (9th Cir.1991). The record shows that the appellant failed to comply with the procedures set forth in Federal Rule of Civil Procedure 38 by not demanding a jury trial for her claims against the appellee in a timely fashion and by failing to serve such a demand on the appellee. FED. R. CIV. P. 38(b); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir.1983). Thus, the district court properly deemed the appellant's jury demand waived.[2]

■ 2. The appellant challenges the district court's determination that her design-defect claims are barred by GARA's statute of repose. As the district court decided this issue on a motion for summary judgment, de novo review applies. *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1111 (9th Cir. 2002) (citing *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000)). We reject the appellant's contention that GARA's statute of repose does not apply to foreign manufacturers of general aviation aircraft. We do so based on our decision in *Lyon v. Agusta S.P.A.*, 252 F.3d 1078 (9th Cir.2001), where we applied the statute of repose as barring an action against a foreign manufacturer without commenting that the defendant was a foreign entity, thus, implicitly holding that GARA's statute of repose applies to foreign manufacturers. *Id.* at 1088. Our decision here is further supported by the statute's definition of a "general aviation aircraft," which includes *any* aircraft for which the Federal Aviation Administration ("FAA") has issued a type certificate or airworthiness certificate, which includes the aircraft at issue in this litigation. 49 U.S.C. § 40101 note, § 2(c).

■ We agree with the district court that the recent overhaul of the trim actuator did not trigger GARA's rolling provision.[3] In *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155 (9th Cir.2000), we held that GARA's rolling provision applies where there has been a substantive alteration to the part that was alleged to have proximately caused the accident. *Id.* at 1158. Here, as the district court explained, the appellant alleged that "the design of the trim actuator was defective because it required a mechanic to place the dust cover over the assembly before inserting the tie rod through the jackscrew eyelets." The replacement of certain components of the trim actuator as a result of S.B. 136 did not change the allegedly defective aspect of the trim actuator's design. As the district court reasoned, because the allegedly defective aspect of the design had been in the marketplace for over eighteen years, it was barred by GARA's statute of repose.

**2.** Because we resolve the issue on waiver grounds, we need not consider the appellant's argument that the FSIA's provision that actions thereunder "shall be tried by court without jury," 28 U.S.C. § 1441(d), violates the Seventh Amendment.

**3.** GARA's rolling statute of repose applies to "any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, after the applicable limitation period beginning on the date of completion of the replacement or addition[.]" 49 U.S.C. § 40101 note, § 2(a)(2).

Moreover, the appellant fails to present facts that would invoke GARA's "knowing misrepresentation" exception.[4] Specifically, the appellant provides no evidence showing that the appellee knowingly or intentionally misrepresented information to the FAA in gaining certification for the subject aircraft.

3. Further, we agree with the district court that the appellant did not preserve an implementation claim for trial because she failed to raise it in either her complaint or trial brief, and it was not embraced within the joint pretrial order. *See* Fed. R. Civ. P. 16(e). We note, moreover, that the district court did consider the evidence that she proffered in support of the purported implementation claim, and determined that the preponderance of the evidence did not support such a claim. Nothing presented in the record contradicts that ruling.

 4. We review for clear error the district court's factual finding that the appellant failed to prove at trial that the alleged shortcomings in the appellee's maintenance instructions constituted the proximate cause of the plane crash. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir.2004). The district court's credibility findings are entitled to even greater deference. *Anderson v. Bessemer City*, 470 U.S. 564, 573–75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Although the appellant made a compelling showing that the appellee's maintenance instructions, warnings, and drawings were in some instances erroneous or misleading, she also had to prove the element of proximate cause, which includes both cause in fact and legal causation. *Hiner v. Bridgestone/Firestone, Inc.*, 138 Wash.2d 248, 978 P.2d 505, 509 (1999) (citing *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wash.2d 747, 818 P.2d 1337, 1340 (1991)).[5] In its careful and thorough findings and conclusions, the district court correctly weighed all of the evidence presented at trial in determining that "it is more probable than not that [a third-party] mechanic [ ] disassembled the [trim] actuator and erroneously reassembled it without utilizing [the allegedly defective] instructions, manuals, and diagrams at his disposal." We uphold the trial court's decision because the record shows that its account of the evidence is plausible. *Anderson*, 470 U.S. at 573–74, 105 S.Ct. 1504; *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir.2000) (en banc).

■ 5. Finally, we deny the appellant's motion for judicial notice and grant the appellee's motion to strike the National Transportation Safety Board's preliminary report of an unrelated aircraft accident because it was not presented to the district court, is subject to reasonable dispute, and is irrelevant to the resolution of this appeal. Fed. R.App. P. 10(a); Fed.R.Evid. 201(b); 9th Cir. R. 30–1.

Accordingly, the judgment of the district court is

**AFFIRMED.**

---

4. A manufacturer is denied GARA immunity "if the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer ... knowingly misrepresented to the [FAA] or concealed or withheld from the [FAA], required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, that is causally related to the harm which the claimant allegedly suffered[.]" 49 U.S.C. § 40101 note, § 2(b)(1).

5. The parties agree that Washington law controls this case.