KAHN, J.
In this administrative appeal, Ronald Rotunno seeks review of a final order entered by the Florida Board of Professional Engineers (Board). The Board rejected Rotunno’s argument that section 471.013(l)(a)2., Florida Statutes (2005), applies to Rotunno and would allow Rotun-no’s licensure by endorsement in Florida as a professional engineer. We affirm the Board’s order because it is a correct interpretation of the controlling statute.
Rotunno graduated from Pennsylvania State University in 1979 with a Bachelor of *52 Science degree in transportation technology and currently holds professional engineer licenses in New Jersey, Pennsylvania, Maryland, and Delaware. He sought li-censure by endorsement in Florida pursuant to sections 471.015(3)(a) and 471.013(l)(a)2., Florida Statutes. The Board denied Rotunno’s application for li-censure by endorsement, finding as a matter of uncontested fact that he does not have “an engineering degree or a technology degree from a Florida state university.”
The Florida Legislature has established the requirements for licensure by endorsement in section 471.015(3)(a). Among those requirements is the directive that any applicant for a professional engineering license qualify under Florida law to take the necessary examinations. See § 471.015(3)(a), Fla. Stat. Rotunno argues that he does qualify to take the examination pursuant to a specific provision of section 471.013(l)(a)2., Florida Statutes. This provision provides that the applicant must be “a graduate of an approved engineering technology curriculum of 4 years or more in a school, college, or university within the State University System, having been enrolled or having graduated prior to July 1, 1979.” Rotunno has taken the position that the Legislature intended to approve any applicant who could produce an appropriate degree from any university within any system of state universities in the United States. The Board construed the language as limited to an engineering degree or technology degree from “a Florida state university.”
Because the statute before us is not ambiguous, we are bound by its plain meaning. See, e.g., State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1073 (Fla.2006); Cassoutt v. Cessna Aircraft Co., 742 So.2d 493, 495 (Fla. 1st DCA 1999). Want of ambiguity here follows from the Legislature’s use of a definite article, “the,” followed by capitalization of the words “State University System.” These drafting techniques compel a finding that the Legislature had in mind only the State University System of Florida.
Use of the phrase “State University System” in Florida parlance completely belies appellant’s suggestion that the Legislature intended the phrase only in its generic sense so that it might apply to any state institution anywhere in the country. Our constitution provides:
STATE UNIVERSITY SYSTEM. There shall be a single state university system comprised of all public universities. A board of trustees shall administer each public university and a board of governors shall govern the state university system.
Art. IX, § 7(b), Fla. Const. Because Mr. Rotunno has not obtained the requisite education for licensure by endorsement, the Board properly denied the application.
AFFIRMED.
ALLEN and DAVIS, JJ., concur.