*536
 
 MAY, C.J.
 

 Having had his negligence complaint dismissed on two grounds, the plaintiff appeals both an adverse summary judgment and the dismissal order. He argues the trial court erred in applying the applicable statutes of repose and in dismissing the action as a sanction for violation of multiple court orders. We find no error and affirm.
 

 While the plaintiff was dusting crops, the right wing of his airplane suddenly failed. The plaintiff was injured and the plane was destroyed. The airplane was not considered airworthy at the time because the plaintiff had failed to obtain a required annual inspection.
 

 Two years later, the plaintiff sued the plane manufacturer.
 
 [1]
 
 He alleged the crash was caused by a defective wing assembly and a factory modification kit manufactured and designed by the manufacturer. The plaintiff specifically claimed that the plane’s right wing cracked at the “lower spar cap.”
 

 The plane manufacturer ultimately moved for summary judgment based on the eighteen-year federal statute of repose and the twelve-year Florida statute of repose. The primary issue was whether the plane manufacturer’s design and sale of a new part for the wing assembly in 1993 restarted the respective periods of repose.
 

 The record established the following facts. The plane had been manufactured in 1982. The plaintiff purchased the plane from a third party in 1998 with no warranty. The airframe was originally rated with a useable or “safe life” of 5,000 hours.
 

 The safe life of an airframe represents the maximum number of hours the airplane can be flown before the accumulated stresses of ordinary flight make continued flying dangerous. If, on a particular aircraft, the first fatigue critical location (“FFCL”) can be modified or replaced and thereby increase the safe life of the FFCL, then the safe life of the entire airframe will likewise increase by the same amount (not to exceed the safe life of any other airframe component).
 

 The plane manufacturer’s president, who had also designed the plane, agreed that the FFCL on the plane is the outermost of four bolt holes on the “spar splice.” The spar splice connects the right wing to the left wing at the airplane’s centerline. The spar, including its lower spar cap, is an original component of the plane. The lower spar cap on the right side fractured in the accident, resulting in the wing separating.
 

 To extend the safe life of that FFCL on a similar airplane, the plane manufacturer issued Service Letter 55, which was made applicable to this model by Service Letter 70. By designing a new spar splice with an additional fifth bolt hole further out from the centerline of the aircraft and installing it on the existing lower wing spar cap, the plane manufacturer purportedly extended the safe life of the FFCL (and thus the entire airframe) by an additional 2,000 hours.
 

 The work specified in Service Letters 55 and 70 was performed on the airplane by a mechanic — not affiliated with the plane manufacturer — nine years before the accident and while the plane was owned by another individual. The mechanic did not replace the original spar cap, which already had four bolt holes. Instead, he modified the spar cap by drilling a fifth bolt hole and adding a new five-bolt spar splice (replacing the original four-bolt spar splice) and bolts.
 

 
 *537
 
 The owner of the dealership that sold the airplane confirmed that the parts required by Service Letter 55 were “factory parts” supplied by the plane manufacturer to its dealers as part of the modification kit. An engineer from the plane manufacturer testified that the spar splice modification kit included the five-bolt spar splice sold by the plane manufacturer as a replacement part for the original four-bolt spar splice.
 

 Service Letter 161 subsequently advised that, if Service Letters 55 and 70 were followed, and certain additional inspections and maintenance were performed, the safe life of this model’s airframe could be extended from 7,000 to 10,000 hours.
 
 [2]
 
 That additional work was completed by the dealer at the time the airplane was sold to the plaintiff. When the plane crashed less than four years later, it had reached approximately 8,200 hours on the airframe.
 

 In its motion for summary judgment, the plane manufacturer argued that the spar splice did not cause the accident and therefore the addition of the new part could not restart the applicable statutes of repose. The plaintiff argued in opposition that installation of the new five-bolt spar splice should restart the clock because the defective design of the new part was the cause of the crash. The plaintiffs expert testified that the crash resulted from the failure of the right wing during flight.
 

 The trial court granted the motion for summary judgment, finding that the “service letters and inspections referred to in [the] Complaint did not toll the applicable statute of repose.” The court also rendered an order dismissing the complaint as a sanction for violating numerous court orders.
 

 On appeal, the plaintiff argues that the trial court erred in granting summary judgment because the design and manufacture of the replacement five-bolt spar splice restarted the repose period. Furthermore, the plaintiff argues expert testimony established that the defective design of this new part caused the crash. The plane manufacturer responds that the plaintiff sued over an alleged defect in the plane’s wing, which was over twenty years old and beyond the statute of repose. The plane manufacturer further argues that any modification to an original part does not restart the statute of repose.
 

 This court has
 
 de novo
 
 review of a trial court’s application of a statute of repose in a products liability action because it involves an issue of law.
 
 Cassoutt v. Cessna Aircraft Co.,
 
 742 So.2d 498, 495 (Fla. 1st DCA 1999).
 

 Congress passed the General Aviation Revitalization Act (“GARA”) in an effort to curb the enormous product liability costs imposed on manufacturers of general aviation aircraft.
 
 Lyon v. Agusta S.P.A.,
 
 252 F.3d 1078, 1084 (9th Cir.2001). GARA provides:
 

 Except as provided in subsection (b), no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred—
 

 (1) after the applicable limitation period [18 years] beginning on—
 

 (A) the date of delivery of the aircraft to its first purchaser or lessee,
 
 *538
 
 if delivered directly from the manufacturer; or
 

 (B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; or....
 

 Id.
 
 (citing General Aviation Revitalization Act of 1994, Pub. L. No. 103-298, 108 Stat. 1552 (1994)) (provisions at 49 U.S.C. § 40101 notes). It is considered a “classic statute of repose.”
 
 Id.
 
 (citing
 
 Caldwell v. Enstrom Helicopter Corp.,
 
 230 F.3d 1155, 1156 (9th Cir.2000)). “[I]t runs from what amounts to the date of the first transfer from the manufacturer.”
 
 Id.
 

 Section 2(a)(2) of GARA, known as the “rolling provision,” states that an eighteen-year repose period must be applied separately to “ ‘any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft....’ ”
 
 Alter v. Bell Helicopter Textron, Inc.,
 
 944 F.Supp. 531, 538 (S.D.Tex.1996) (quoting GARA § 201, 114 Stat. 91).
 
 [3]
 
 However, “[t]he language of the statute including ‘component, system, subassembly, or other part’ is not accompanied by any modifier or reference to ‘design’ thereby indicating that ‘replacement’ means replacement of a physical item, ‘i.e., a piece of hardware, and not a new intangible concept or design.’ ”
 
 Holliday v. Extex,
 
 457 F.Supp.2d 1112, 1117 (D.Hawai’i 2006) (quoting
 
 Hiser v. Bell Helicopter Textron, Inc.,
 
 111 Cal.App.4th 640, 4 Cal.Rptr.3d 249 (2003)).
 

 The “rolling statute of repose applies only with respect to a new item that replaces an original item.”
 
 Hiser,
 
 4 Cal. Rptr.3d at 257. “Modification of an item, whether it is a component, system, subas-sembly, or other part, does not restart the limitation period under GARA.”
 
 Id.
 

 Service bulletins do not constitute a “new part” and do not qualify under the rolling provision of GARA to extend the repose period; as one court wrote, “given the continual issuance of service bulletins pertaining to a variety of topics, ‘if the statute of repose [were] triggered every time a service bulletin was issued, the intent of GARA would be eviscerated.’”
 
 Moyer v. Teledyne Cont’l Motors, Inc.,
 
 979 A.2d 336, 344 (Pa.Super.Ct.2009) (quoting the opinion issued by the trial court).
 

 We agree with the trial court that the eighteen-year and twelve-year repose periods did not restart with the replacement of the five-bolt spar splice. Although the plaintiff established a new part was installed, it did not replace an item, but
 
 *539
 
 rather modified the original design. Further, the plaintiff failed to demonstrate that the new part actually caused the accident. We therefore affirm the summary judgment in favor of the manufacturer.
 
 [4]
 

 Affirmed.
 

 STEVENSON and CIKLIN, JJ„ concur.
 

 [1]
 

 . The plaintiff also sued three other defendants, but this appeal is limited to the orders entered in favor of the plane manufacturer and against the plaintiff.
 

 [2]
 

 . At the hearing, the plaintiff's counsel agreed with the trial court that Service Letter 161 was "irrelevant to the whole thing because, again, it’s not adding a new part.”
 

 [3]
 

 . Florida’s statute of repose provides a twelve-year repose period and states as follows:
 

 (b) Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product
 
 more than 12 years after delivery of the product to its first purchaser
 
 or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product. All products, except those included within subparagraph 1. or subparagraph 2., are conclusively presumed to have an expected useful life of 10 years or less.
 

 1. Aircraft used in commercial or contract carrying of passengers or freight, vessels of more than 100 gross tons ... are not subject to the statute of repose provided within this subsection.
 

 § 95.031 (2)(b), Fla. Stat. (2002) (emphasis added). The statute also allows for tolling where a replacement component is installed — but only with respect to defects in the replacement component.
 
 See Cassoutt v. Cessna Aircraft Co.,
 
 742 So.2d 493, 495 (Fla. 1st DCA 1999).
 

 [4]
 

 . Because we affirm on the statutes of repose, we need not address the alternative basis upon which the trial court dismissed the plaintiff’s complaint.