2012 OK 106

**Kenneth M. MILLION, Special Administrator of the Estate of Samantha Million, Plaintiff/Appellant,**

v.

**Jay Scott MILLION, Defendant/Appellee.**

**No. 107,854.**

Supreme Court of Oklahoma.

Dec. 4, 2012.

Edward, F. Saheb, Norman, Oklahoma, for appellant.

David Proctor, Goolsby, Proctor, Heefner & Gibbs, P.C., Oklahoma City, Oklahoma, for appellee.

WINCHESTER, J.

¶ 1 Samantha Million (hereinafter Plaintiff) brought a claim on May 26, 2006, against her male cousin, Jay Scott Million (hereinafter Defendant) for multiple acts of sexual abuse against her when she was a minor. Defendant advised this Court in his Petition for Writ of Certiorari that during the time this matter was pending on appeal, Plaintiff passed away. The District Court of Cleveland County appointed Kenneth M. Million, Plaintiff's father, as Representative of Plaintiff. On August 13, 2012, this Court granted the motion of the personal representative for substitution as the appellant in this appeal.

¶ 2 We find that the dispositive issue before us in this appeal is whether or not the statute of limitations had run on Plaintiff's claims. We hold that it did.

¶ 3 Plaintiff, who was born April 6, 1970, alleged that these acts were perpetrated during the years of 1980 through 1983, when Defendant was between the ages of 17 and 20, and Plaintiff was between 10 and 13 years old. In October 2005, Plaintiff was diagnosed with post-traumatic stress disorders caused by sexual abuse. She further claimed that she did not discover the cause of her trauma until 2006. Her petition was filed within two years after she purportedly began to remember the incidents of sexual abuse.

¶ 4 Defendant pled and presented evidence that the statute of limitations had run long before Plaintiff filed her action against him. After a non-jury trial before the District Court of Cleveland County, the trial judge, as fact-finder, found that the facts supported the conclusion that Plaintiff was capable of filing a case at an earlier date than she filed it. The court concluded that Plaintiff did not make a reasonably diligent effort to act on the alleged abuse, and that the statute of limitations had run.

¶ 5 Pleading the statute of limitations is an affirmative defense,[1] and the burden is on a defendant to prove that a plaintiff's action is barred by the applicable statute. *Harper–Turner Oil Co. v. Bridge*, 1957 OK 124, ¶ 5, 311 P.2d 947, 949. The date where the period of limitations starts, when the plaintiff knew, or in the exercise of reasonable diligence should have discovered the act giving rise to the claim, is usually determined from the facts and circumstances of the particular case, and where reasonable persons may reach conflicting opinions, the issue is a question for determination by the finder of fact. *Woods v. Prestwick House, Inc.*, 2011 OK 9, ¶ 32, 247 P.3d 1183, 1191.

¶ 6 The trial judge heard the evidence, observed the demeanor of the witnesses and found for Defendant. The judge observed that Plaintiff's memories of the events were not repressed to the extent that she was unable to know, understand, or express and react, and that there were too many separate and specific independent recollections and discussions with others about the alleged acts.

¶ 7 Those conclusions have support in the evidence presented during the trial. Plaintiff's uncle, with whom she lived at the time of the trial, testified he had visited Plaintiff and her family while she lived in England. During that visit he mentioned Defendant to Plaintiff's family. Plaintiff's mother told him not to talk about Defendant because he had molested Plaintiff. The uncle testified that Plaintiff was present. Plaintiff testified she was in England when she was age "17, 18,

---

1. 12 O.S.2011, 2008(C)(18)

19." Plaintiff testified during cross examination that she realized at age 11, what Defendant had done to her, then she changed the age to 12. She testified that in 1984 she knew Defendant had molested her, which would have made her age 14. After her family moved to Okinawa in 1984 she told her parents that Defendant had molested her, and she admitted during her testimony that she had not repressed her memory at that time. She testified that while she was in England, around 1987 or 1988 she told her Aunt Renee that it was not okay to talk about Defendant. Then during re-cross examination, she admitted that when she was 24 years old she was ashamed that she had been molested and had considered "hitting someone" with her car. Her uncle also testified that in 1997, when Plaintiff was 27 years old, she told her uncle about a specific incident of sexual abuse by Defendant when she was in her preteen years. All of this testimony is adequate to support the trial judge's finding that Plaintiff's memory had not been suppressed, at least through age 27.

¶ 8 *Hagen v. Independent School District No. I–004*, 2007 OK 19, ¶¶ 7, 8, 157 P.3d 738, 740, recites the well-established standard of review on appeal for a non-jury trial where the trial judge acts as the trier of fact. Those findings are entitled to the same weight and consideration that would be given to a jury's verdict. The findings of fact by the trial court in an action at law have the same force and effect as the verdict of a jury and those findings will not be disturbed on appeal where there is any evidence reasonably tending to support the findings. In addition, the credibility of witnesses and the effect and weight to be given to their testimony are questions of fact, not questions of law for the appellate court.

¶ 9 Plaintiff alleged the last sexual abuse occurred in 1983, when she was 13. At that time the applicable statute of limitations was 1971 Okla.Sess.Laws, ch. 316, § 3, subsequently codified as 12 O.S.1981, 95.[2] That statute provided in part:

**2.** The statute was subsequently amended in 1994, 1996, 2002, 2004, 2005, 2008, and 2009.

**3.** The portion of 12 O.S.2011, 96 quoted is identical to the law first enacted in 1910, that is,

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

\* \* \*

"Third. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud...."

¶ 10 Because Plaintiff was a minor at the time of the alleged abuse, § 96 of title 12[3] would have controlled the statute of limitations. The statute provides in pertinent part:

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed."

¶ 11 Although the trial court in its order gave additional and alternative reasons for its ruling, we find the evidence sufficient to support the ruling that the statute of limitations ran in 1989, one year after Plaintiff reached her majority.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT AFFIRMED.

ALL JUSTICES CONCUR.

R.L.1910, § 4658. In 1987, the legislature added language not pertinent to the matter before this Court, 1987 Okla.Sess.Laws, ch. 78, § 1.