ROBERT D. BELL, JUDGE:
*1208 ¶ 1 In this action for damages arising out of a 2007 airplane crash, Plaintiff/Appellant, William D. Lunn, individually and as natural parent, next friend and personal representative of the estates of Katherine Lillian Lunn, Adrienne Badeen Lunn, and Michael Dixon Lunn, all deceased, appeals from the trial court's order granting Lunn's request to reconsider a partial summary judgment in favor of Defendant/Appellee, Hawker Beechcraft Corporation (Hawker), but denying the substantive relief requested therein. Lunn asked Judge Wall to reconsider and overturn a summary judgment entered five (5) years earlier by Judge Thornbrugh. Judge Thornbrugh ruled the eighteen (18) year statute of repose in the General Aviation Revitalization Act of 1994 (GARA), Pub. L. No. 103-298, 108 Stat 1552 (reprinted in note to 49 U.S.C. § 40101 ) barred Lunn's claims against Hawker for negligence, strict products liability and breach of contract. Lunn insisted the summary judgment should be overturned because new case law supports his position that GARA did not preempt his state law design defect claims. Lunn also asserted his claims are not barred by GARA's statute of repose because newly discovered evidence place his claims within GARA's "rolling provision" and the "fraud exception." After de novo review of the record, we affirm the trial court's decision to deny the substantive relief requested in Lunn's motion to reconsider.
¶ 2 On October 17, 2007, a Beech Model A-36 Bonanza aircraft crashed in Tulsa County just 3.5 miles after takeoff, killing five (5) passengers including the three (3) teenage Lunn children. The airplane was manufactured by Hawker in 1977. Lunn sued Hawker and other defendants for strict products liability, negligence and breach of warranty. Lunn claimed an incorrectly installed (inverted) main fuel strainer caused the crash. Hawker sought summary judgment on the basis that Plaintiff's action was barred by the 18-year statute of repose set forth at GARA § 2. A statute of repose bars a cause of action before it arises. Reynolds v. Porter , 1988 OK 88, ¶ 7, 760 P.2d 816, 820.
¶ 3 "In GARA, Congress established an 18-year statute of repose for civil actions against manufacturers of general aviation aircraft and component parts. The 18-year period begins anew if the death, injury, or damage is caused by any 'new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft.' " Caldwell v. Enstrom Helicopter Corp ., 230 F.3d 1155, 1156 (9th Cir. 2000) (citing GARA § 2). Congress enacted GARA because aircraft "manufacturers were being driven to the wall because, among other things, of the long tail of liability attached to those aircraft which could be used for decades after they were first manufactured and sold." Lyon v. Agusta S.P.A , 252 F.3d 1078, 1084 (9th Cir.2001) (citing H.R.Rep. No. 103-525, pt I, at 1-4 (1994), reprinted in 1994 U.S.C.C.A.N. 1638, 1638-41).
¶ 4 Lunn opposed the summary judgment arguing a factual dispute existed as to whether the repose period was tolled by GARA's "rolling provision" that restarts the 18-year statute of repose against the manufacturer of any new or replacement part. GARA's "rolling provision" restarts the eighteen (18) year limitation period as follows:
with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to the aircraft, and which is alleged to have caused such death, injury, *1209 or damage, after the applicable limitation period beginning on the date of completion of the replacement or addition.
GARA § 2(a)(2). Lunn argued the "new parts-rolling provision" tolled the repose period because Hawker issued a placard (service bulletin) describing the correct installation of a fuel strainer in the aircraft in 1989, Hawker failed to include the placard in the aircraft's republished flight manual and Hawker recommended replacing the fuel strainer with a new fuel strainer.
¶ 5 Next, Lunn urged a factual dispute existed as to whether GARA's "fraud exception" at GARA § 2(b)(1) applies. Under GARA's fraud exception, the repose period does not apply if "the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer ... knowingly misrepresented to the [FAA], or concealed or withheld from the [FAA], required information that is material and relevant to the performance or the maintenance or operation of" the aircraft or aircraft part and is causally related to the harm suffered. Lunn asserted Hawker failed to disclose to the Federal Aviation Administration (FAA) the risk to flight safety caused by the inverted fuel strainer and that the placard was a major level change.
¶ 6 The trial court granted Hawker's motion for summary judgment on May 23, 2011, holding:
Plaintiff has the burden of establishing that an exception to the GARA statute of repose applies to a given case. Once the Defendant makes an initial showing of proof that GARA bars the action, as is the case here, the burden then shifts to the Plaintiff to provide evidence that one of the exceptions applies. Cassoutt v. Cessna Aircraft Co. , 660 So.2d 277, 280 (Fla, 1st DCA 1995).
The Court finds that neither service bulletins nor maintenance manual are "parts" under GARA and a flight manual in not implicated under the facts of this case. Here, summary judgment is appropriate because the facts relevant to GARA are undisputed and none of the exceptions to GARA apply.
¶ 7 In 2016, Lunn filed a motion to reconsider the 2011 summary judgment. Lunn argued new evidence and new case law established GARA does not bar his claims against Hawker. Specifically, Lunn argued, the Sikkellee line of cases significantly clarified GARA does not preempt Lunn's state law design defect claims against Hawker. Thus, his claims against Hawker for inadequate warnings, improper design, negligent manufacturing, and knowingly withholding information from the FAA are jury questions.
¶ 8 Lunn also alleged new evidence, developed through discovery with Defendant Teledyne Continental Motors (Teledyne), established facts to toll the statute of repose under the new parts "rolling provision" and the "fraud exception." Lunn submitted Hawker designed and manufactured a defective fuel strainer which caused contaminants in the unfiltered fuel to clog and disrupt the Teledyne designed and manufactured engine. Lunn asserted by 1989, Hawker concluded the fuel strainer was defective and caused engine failure, and Hawker "manufactured" a placard to remedy the problem. In 1993, Hawker issued a service bulletin to use a replacement fuel strainer; however, Hawker did not include the placard in the airplane's republished flight manual, undisputedly a "part" under GARA. Due to Hawker's actions during the eighteen (18) years prior to the aircraft crash, Lunn asserted a new period of repose under GARA was triggered by the "new parts" "rolling provision." Lunn further asserts that in November 1993, Hawker's engineering personnel wrote a cost calculation memo which concluded no more than 50% of the aircrafts would be retrofitted with new fuel strainers. Lunn asserted Hawker did not disclose this memo to the FAA, but instead chose to leave 50% of the aircrafts in service with the fatally defective fuel strainer. Because Hawker did not disclose this memo to the FAA, Lunn asserts GARA's statute of repose did not apply to bar his action against Hawker under the "fraud exception."
¶ 9 Hawker countered the trial court should not entertain a motion to reconsider filed more than five (5) years after the entry of the summary judgment. Hawker claimed it would be disadvantaged if it had to re-enter and defend against a lawsuit which has been *1210 in discovery, without Hawker's participation, for five (5) years. Hawker also maintained Lunn's motion to reconsider failed on the merits because the "new case law" pertains to preemption and not the statute of repose. Hawker also insisted neither the "new parts" nor the "fraud" exceptions apply and Lunn merely rehashes arguments already rejected by the prior trial judge.
¶ 10 After considering the parties' briefs, authorities and arguments of counsel, the trial court granted Lunn's motion to reconsider, but denied the relief sought therein. The trial court certified the journal entry of judgment as a final adjudication of all of Lunn's claims against Hawker pursuant to 12 O.S. 2011 § 994. This appeal stands submitted for accelerated appellate review on the trial court record under Rule 13, Rules for District Courts of Oklahoma , 12 O.S. Supp. 2013, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules , 12 O.S. Supp. 2013, Ch. 15, App. 1.
¶ 11 We first address whether Lunn's motion to reconsider was untimely and/or barred by Oklahoma procedural law. Recently, Andrew v. Depani-Sparkes , 2017 OK 42, ¶ 9, 396 P.3d 210, clarified "[i]nterlocutory orders that are not made subject to immediate appellate scrutiny may nevertheless obtain appellate scrutiny upon an appeal from a subsequent appealable order or judgment." The 2011 summary judgment was not a final judgment. Instead, it was a partial summary adjudication granted to one of the defendants in this ongoing action. Consequently, Lunn's motion to reconsider the partial summary judgment in favor of Hawker is not a motion for new trial filed pursuant to 12 O.S.2011 § 653 or § 1031 nor is it subject to the limitations set forth therein. We therefore hold the trial court was authorized to consider the merits of Lunn's motion to reconsider even though it was filed five (5) years after the entry of the summary judgment.
¶ 12 In this appeal, we must determine whether the trial court should have granted Lunn's motion to reconsider based on the alleged impropriety of the underlying summary judgment. Summary relief issues are reviewed de novo . Reeds v. Walker , 2006 OK 43, ¶ 9, 157 P.3d 100. Whereas, a trial court's denial of the relief requested in a motion to reconsider is reviewed for abuse of discretion. Andrew , 2017 OK 42 at ¶ 27, 396 P.3d 210. Because this Court's assessment of the trial court's exercise of discretion in denying Lunn's motion to reconsider "rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness." Reeds at ¶ 9.
¶ 13 On appeal, Lunn's petition in error lists twenty-two (22) propositions of error. The gravamen of Lunn's appeal is that GARA does not preempt Lunn's state law design defect claims against Hawker. Alternatively, Lunn contends his action against Hawker is not barred by GARA's statute of repose under the "new parts" "rolling provision" and the "fraud, misrepresentation exception." Other than the arguments related to Sikkelee , most if not all of Lunn's arguments in the motion to reconsider were previously briefed and argued five (5) years earlier. Yet, Lunn insisted he is not seeking the proverbial "second bite at the apple" because there has been a change in controlling law and recently discovered evidence created a factual dispute.
¶ 14 Lunn argued the Sikkelee line of cases clarified neither his design defect claim nor his claim for the breach of Oklahoma's standard of care are preempted by GARA. See e.g. Sikkelee v. Precision Airmotive Corp. , 822 F.3d 680 (3d Cir. 2016). After reviewing the cases cited by Lunn, we reject his argument. While the Third Circuit Court of Appeals held "Federal law does not preempt state design defect claims," it also recognized once GARA's statute of repose has run, then state law claims are preempted. Sikkelee , 822 F.3d 680 at 697. Because the trial court determined the statute of repose had run and was not tolled under any provision or exception, the Sikkelee preemption rulings are inapplicable.
¶ 15 Lunn next asserts new evidence discovered from Teledyne creates a factual dispute as to whether the placard provided adequate warnings and whether the placard's absence from the flight manual constitute defective "new parts" for purposes of GARA's "rolling provision." Because GARA's *1211 statute of repose is an affirmative defense, Hawker has the burden of showing the affirmative defense applies. Million v. Million , 2012 OK 106, ¶ 5, 292 P.3d 21. Once the showing is made, then Lunn has the burden to show facts that toll or create an exception to the repose period. Owens v. Luckett, 1943 OK 264, ¶ 4, 192 Okla. 685, 139 P.2d 806.
¶ 16 It is undisputed the alleged defective part (the fuel strainer) was the original part installed on the aircraft in 1977, more than 30 years prior to the 2007 accident. Thus, the "rolling provision" only applies if Lunn can show new parts replaced an item either originally in the aircraft or added to the aircraft and the new item caused the claimed damages. GARA § 2(a)(2). Lunn claims a placard which instructs mechanics on the proper installation of the fuel strainer and service bulletins are "new parts" under GARA's "rolling provision." We conclude the placard, service bulletins and revisions to a maintenance manual are not "parts" under GARA's rolling provision. Our conclusion is supported by decisions from other jurisdictions. See Moyer v. Teledyne Cont'l Motors, Inc. , 979 A.2d 336, ¶ 9 (Pa. Super. Ct. 2009) ("given the continual issuance of service bulletins pertaining to a variety of topics, if the statute of repose were triggered every time a service bulletin was issued, the intent of GARA would be eviscerated."); Crouch v. Honeywell Intern., Inc. , 720 F.3d 333, 341 (6th Cir. 2013) (holding revision of overhaul of manual is not a replacement part of aircraft to trigger new 18-year period of repose); Colgan Air, Inc. v. Raytheon Aircraft Co. , 507 F.3d 270, 276-77 (4th Cir. 2007) (holding a maintenance manual, in contrast to a flight manual, is not a "part of the aircraft"); and Butchkosky v. Enstrom Helicopter Corp. , 855 F.Supp. 1251, 1257 (S.D. Fla. 1993) (holding servicing and overhaul manual and repair guidelines sent to mechanics-which were issued within the repose period-are not new parts that toll the statute of repose). We therefore hold Lunn failed to sustain his burden of proving GARA's statute of repose was restarted by Hawker's issuance of the placard.
¶ 17 Lunn next argues the placard should have been an amendment to the flight manual , which is undeniably a "part" under GARA. Therefore, disputed facts exist as to whether the "rolling provision" was triggered by Hawker's omission of the placard from the flight manual. Revisions to a flight manual, which is an integral part of every general aviation aircraft sold by a manufacturer, may be a "part" under GARA's "rolling provision." See Caldwell v. Enstrom Helicopter Corp ., 230 F.3d 1155 (9th Cir. 2000) ; Alexander v. Beech Aircraft Corp. , 952 F.2d 1215, 1220-21 (10th Cir. 1991).
[A] flight manual is an integral part of the general aviation aircraft product that a manufacturer sells. It is not a separate, general instructional guide (like a book on how to ski), but instead is detailed and particular to the aircraft to which it pertains. The manual is the "part" of the aircraft that contains the instructions that are necessary to operate the aircraft and is not separate from it. It fits comfortably within the terminology and scope of GARA's rolling provision.
Caldwell , 230 F.3d at 1157.
¶ 18 However, in this proceeding, Judge Thornbrugh specifically held a flight manual was not implicated under the facts of this case. Because the placard's purpose was to instruct a mechanic on the correct installation of the fuel strainer, we agree the placard would not constitute an amendment to a flight manual. At most, the placard would constitute an amendment to the maintenance manual. "A maintenance manual is not comparable to a flight manual" because "a maintenance manual is not necessary to operate a plane." South Side Trust and Sav. Bank of Peoria v. Mitsubishi Heavy Indus., Ltd. , 401 Ill. ApP.3d 424, 443, 927 N.E.2d 179, 196, 339 Ill.Dec. 638 (2010) ; and Colgan Air, Inc. , 507 F.3d 270 at 276-77. A maintenance manual "outlines procedures for servicing, troubleshooting and repairing aircraft and is used by a mechanic on the ground to service a plane, not by a pilot in the air to fly a plane." South Side Trust and Sav. Bank of Peoria , 401 Ill.App.3d 424, 339 Ill.Dec. 638, 927 N.E.2d 179 at 196. Unlike a flight manual which must be onboard the aircraft, a maintenance manual may be placed in a maintenance hangar or other facility. Colgan Air, Inc. , 507 F.3d at 277. After reviewing the above authorities, we reject Lunn's claim *1212 that the placard-which instructed mechanics on the correct installation of the fuel strainer-and the service bulletins constituted amendments to the flight manual. Because we hold in this manner, we reject Lunn's contention that the placard's omission from the flight manual constituted a "new part" to restate GARA's "rolling provision."
¶ 19 Lunn next asserts disputed facts exist as to whether Hawker triggered GARA's "fraud exception" when it failed to identify the engine failure problems, investigate the problems, and report a solution to the FAA, thereby breaching its duty to the FAA and to the public. Under GARA's "fraud exception" at § 2(b)(1), the period of repose does not apply if Lunn sustains his burden of showing specific evidence that Hawker knowingly misrepresented, concealed, and withheld information from the FAA which is material and relevant to the performance, maintenance or operation of the aircraft. Crouch , 720 F.3d 333 at 344. Lunn claimed Hawker knowingly failed to inform the FAA about the internal memo predicting 50% noncompliance with the fix in the field. Judge Thornbrugh did not specifically address this issue in his journal entry. However, the record shows Judge Thornbrugh considered and rejected the "fraud exception" arguments. Judge Thornbrugh found Hawker repeatedly notified the FAA about the fuel strainer problem that might affect air worthiness; therefore, it was "incomprehensible" that Hawker knowingly withheld, misrepresented and concealed this information. Presumably, Judge Wall agreed with Judge Thornbrugh's determination. After reviewing the record, we cannot say Judge Wall's decision was in error or an abuse of discretion.
¶ 20 After de novo review, we also find GARA's eighteen (18) year statute of repose bars Lunn's action against Hawker for strict products liability, negligence and breach of warranty. Accordingly, we hold Judge Thornbrugh properly granted summary judgment to Hawker in 2011, and Judge Wall did not abuse her discretion when she denied the relief requested by Lunn in his motion to reconsider. Because we hold in this manner, it is unnecessary to address the remainder of Lunn's assignments of error on appeal. The trial court's order is affirmed.
¶ 21 AFFIRMED.
GOREE, P.J. and JOPLIN, J., concur.